The complainant seeks to impress a trust on lands and premises situate in Morris county, New Jersey, purchased by the defendant David Van Riper Conkling, to whom she advanced moneys on account of such purchase, under the belief that she was his wife. She gave him moneys to invest in real property, and for use in the erection and remodeling of houses and other buildings on lands purchased by them. The bill prays that the defendant David be required to account for the moneys so advanced, and that "it be decreed that a trust result in favor of the complainant to the extent of the moneys advanced by the complainant in the purchase of those properties, and that the title to such property be decreed to be in the complainant and the defendant David as tenants in common, and that a lien be impressed on the lands to the value of the advancements made by the complainant; and that if the lands be sold under the writ of execution procured by the defendant Edna T. Conkling against the defendant David Van Riper Conkling they be sold first to satisfy the lien of the complainant so impressed upon said lands."
The defendant Edna T. Conkling is the legal wife of the defendant David Van Riper Conkling. After their marriage, the defendant David separated from the defendant Edna, and, without obtaining a dissolution of the marriage bond, married the complainant, Viola Musgrave Conkling. The complainant alleges that when she married David she had no knowledge of his prior marriage to Edna. Viola and David lived together as man and wife for approximately thirty-odd years, during the course of which a child was born to them. *Page 144 
It is alleged by the complainant, and corroborated by the defendant David, that for many years they together purchased and sold real estate. Viola contends and is supported in her contention by David, that much of the money used in the purchase of real estate and construction of buildings thereon was supplied by her. I am satisfied that she did provide money for the purchase of real estate, the title of which was taken and held in the name of David.
From the pleadings and the proofs, however, I have concluded that the complainant cannot maintain her action against these defendants upon her theory that her investment created a resulting or constructive trust in her favor. There is nothing in the proofs to show that the complainant intended that the moneys which she turned over to David were to be a gift from her to him. Equity and justice require that the defendant David account to the complainant for the moneys paid by her to him; and I am satisfied that the moneys advanced by the complainant to the defendant David, can be, and should be, regarded as an equitable mortgage for the amount of the expenditures by her, used in the purchase and improvement of the real estate acquired by the defendant David. Under the rules of this court, particularly rule 60, the complainant merits relief as a mortgagee. Having that conviction, I will advise an order for the amendment of the pleadings to conform with the proofs submitted at the hearing. However, I feel that I should refer this matter to a master to ascertain and determine the amount of money to which the complainant is entitled under the circumstances. I shall sign such an order upon its presentation. *Page 145